IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILBERT REYES-CABALLERO<br><br>PLAINTIFFS,<br><br>v.<br><br>ORIENTAL BANK<br><br>DEFENDANT. | CIVIL NO.: 16-2952<br><br>AGE DISCRIMINATION AND UNJUST, RETALIATORY AND ILLEGAL DISMISSAL<br><br>TRIAL BY JURY REQUESTED |

## COMPLAINT

TO HONORABLE COURT:

COMES NOW the above-named Plaintiff, by and through his undersigned counsel, and respectfully states, alleges and prays:

### I. NATURE OF THE ACTION, JURISDICTION AND JURY DEMAND

1.1. This action is brought under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621 *et seq.* (hereinafter "ADEA"); Puerto Rico's Law No. 100-1959, as amended, 29 L.P.R.A. §§146 *et seq.* (hereinafter "Law 100") which prohibits, among other things, age discrimination; the Puerto Rico Unjust Dismissal Act, Law No. 80-1976, as amended, 29 L.P.R.A §§185a *et seq.* (hereinafter "Law 80); and the Puerto Rico Anti-Retaliation Act, Law No. 115-1991, as amended, 29 L.P.R.A. sec. 194 *et seq.* (hereinafter "Law 115"). Plaintiff seeks compensatory or statutory damages, back pay, double damages, equitable relief, reinstatement, attorney's fees and prejudgment interests as redress for the Defendant's discriminatory practices based on age and for Plaintiff's illegal dismissal.

1.2.    This Honorable Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain this case since it arises under the ADEA.

1.3.    As of the filing of this Complaint, Plaintiff had exhausted all administrative remedies before the Equal Employment Opportunity Commission (hereinafter "EEOC"), who issued Notices of Right to Sue to the Plaintiff on August 12, 2016 and October 31, 2016, and mailed several days after each such date, respectively.

1.4.    This Honorable Court has supplemental jurisdiction over the Puerto Rico claims pursuant to 29 U.S.C § 2617. The federal and the Puerto Rico claims asserted in this Complaint are so interrelated as to form part of the same case and controversy and derive from a common nucleus of operative facts.

1.5.    Venue lies in this Court pursuant to 28 U.S.C. §1391(b) on the basis that the Plaintiff's claims arose within the judicial district of Puerto Rico.

1.6.    Pursuant to the Seventh Amendment to the Constitution of the United Sates and to Rule 38(b), Fed.R.Civ.P., Plaintiff requests trial by jury as to all the issues and claims for damages asserted herein.

## II.    PARTIES

2.1.    Plaintiff Wilbert Reyes-Caballero is a citizen and resident of the Commonwealth of Puerto Rico, who worked for Defendant until he was discriminatorily and unjustly terminated on April 5, 2016.

2.2.    Defendant Oriental Bank (hereinafter "Oriental") is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico that has its principal place of business therein and whose headquarters are located in 254 Muñoz Rivera Avenue, San Juan, PR 00918. Oriental was Plaintiffs' employer.

## III. THE FACTS

3.1.   Plaintiff repeats, reiterates and re-alleges each preceding averment as if fully set forth herein.

3.2.   Plaintiff began to work for Oriental on May 5, 2010.

3.2.   During his employment with Oriental, Plaintiff satisfactorily performed his job responsibilities, received positive employment evaluations and was awarded performance bonuses and merit based salary increases.

3.3.   Plaintiff was never reprimanded for any failure or deficiency in the performance of his job assignments.

3.4.   As of April 5, 2016, Plaintiff occupied the position of Business Banking Manager and was fifty-six (56) years old.

3.5.   On March 10, 2016, Oriental suspended Plaintiff pending an internal investigation about a loan that had been denied a few days before to a business client that had been assigned to Plaintiff the previous year. Plaintiff did not have any participation in the origination, evaluation or denial of the loan in question.

3.6.   On March 28, 2016, Plaintiff filed an age discrimination charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Anti-Discrimination Unit (hereinafter "UAD") of the Puerto Rico Department of Labor and Human Resources.

3.7.   On or about March 29, 2016, both the UAD and then counsel for the Plaintiff notified Oriental in writing about the filing of the age discrimination charge. Oriental's counsel confirmed that the charge had been received by Oriental though a letter dated April 5, 2016.

3.8.    That same day, April 5, 2016, Plaintiff was terminated by Oriental. No letter of termination was tendered to Plaintiff. He was verbally informed about Oriental's decision at a meeting held at Oriental's headquarters and was told that he was being terminated because he had purportedly violated company policy by not having informed the Security Department about the pendency of certain criminal charges that had been filed against the client that Oriental had assigned to him and whose business loan application had been denied.

3.9.    The reasons given to Plaintiff at the time of his termination are false and pretextual because Plaintiff's supervisors knew about the criminal past of the client in question since, at least, August of 2015, when Oriental evaluated and approved an $850,000.00 mortgage loan to a corporation owned by the client, which he used to purchase a residential unit in a high-scale and exclusive housing development in Dorado, Puerto Rico.

3.10.   Oriental terminated Plaintiff's employment because of his age and/or in retaliation for having filed the age discrimination charge with the EEOC and the UAD.

3.11.   At the time of Plaintiff's termination, his compensation package was approximately $74,571.56, which included, among others, base salary, vacation and sick leave, employer sponsored health insurance, bonuses and pension plan contributions by Oriental.

3.12.   On April 11, 2016, Plaintiff filed a retaliation charge against Oriental with the EEOC and the AUD.

3.13.   All the proceedings before each of those administrative agencies concluded prior to the commencement of this action.

**COUNT I - AGE DISCRIMINATION IN VIOLATION OF ADEA AND LAW 100**

4.1. Plaintiff repeats, reiterates and re-alleges each and every preceding averment as if fully set forth herein.

4.2. Oriental violated ADEA's and Law 100's provisions by engaging in discriminatory employment practices against the Plaintiff and by discharging him because of his age.

4.3. Accordingly, Defendant is liable for all the damages caused to the Plaintiff by its unlawful conduct, including, but not limited to, back pay, reinstatement or front pay, compensatory damages, punitive damages, moral and emotional damages, damages to his professional reputation, dignity and self-esteem, economic damages, liquidated damages, fringe benefits, medical insurance, bonuses, pension plan contributions, double damages, prejudgment interest, reasonable and/or statutory attorney's fees and court costs.

4.4. All those damages shall be quantified by the jury, but are conservatively estimated in an amount not less than ONE MILLION DOLLARS ($1,000,000.00).

**COUNT II - WRONGFUL TERMINATION IN VIOLATION OF LAW 80**

5.1. Plaintiff repeats, reiterates and re-alleges each and every preceding averment as if fully set forth herein.

5.2. Plaintiff was hired by Oriental as a regular, full-time employee for an indefinite period of time.

5.3. Oriental terminated Plaintiff's employment without just cause.

5.4. Plaintiff is entitled to recover the severance ("mesada") payment mandated by Law 80, which is conservatively estimated in the amount of $18,164.88.

5

5.5. Additionally, Plaintiff is entitled to receive attorney's fees equivalent to not less than 15% of each of the preceding amount.

### COUNT III – RETALIATORY DISCHARGE

6.1. Plaintiffs repeats, reiterates and re-alleges each and every preceding averment as if fully set forth herein.

6.2. Plaintiff engaged in an action protected by the ADEA and Law 115 when he filed the age discrimination charge with the EEOC and the AUD.

6.3. Oriental knew that Plaintiff had engaged in that protected conduct and, despite that knowledge, terminated him in retaliation for having filed the charge in question.

6.4. Accordingly, Oriental is liable for all the damages caused to Plaintiff by its unlawful conduct, including, but not limited to, back pay, reinstatement or front pay, compensatory damages, punitive damages, moral and emotional damages, damages to their professional reputation, dignity and self-esteem, economic damages, liquidated damages, fringe benefits, medical insurance, bonuses, pension plan contributions, double damages, prejudgment interest, reasonable and/or statutory attorney's fees and court costs.

6.7. All those damages shall be quantified by the jury, but are conservatively estimated in an amount not less than ONE MILLION DOLLARS ($1,000,000.00).

### COUNT IV - OBSTINACY

7.1. Plaintiff repeats, reiterates and re-alleges each and every preceding averment as if fully set forth herein.

7.2. Oriental has acted obstinately in terminating Plaintiff.

7.3. Oriental's obstinacy forced Plaintiff to initiate and prosecute this judicial action.

7.4. Accordingly, Oriental is liable to Plaintiff for pre-judgment interest and attorney's fees pursuant to Puerto Rico Rules of Civil Procedure 44.1(d) and 44.3(b).

WHEREFORE, Plaintiff respectfully requests the entry of judgment in his favor and against Oriental awarding him all the amounts and remedies claimed herein plus costs, pre and post judgment interest, and attorney's fees.

Respectfully submitted, at San Juan, Puerto Rico, on November 9th, 2016.

*S/GUILLERMO RAMOS LUIÑA*
GUILLERMO RAMOS LUIÑA
USDC-PR 204007
gramlui@yahoo.com

P. O. Box 22763, UPR Station
San Juan, PR 00931-2763
Tel. (787) 620-0527
Fax (787) 620-0039

7